FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2017 MAY 19 PM 2: 23

CL... ..
WESTE...

BY_____

IN RE: SUBPOENA TO TEXAS SUPREME
COURT JUSTICE EVA M. GUZMAN

Case No. A-17-mc-446-SS

United States Courts
Southern District of Texas
FILED

MAY 2 4 2017

David J. Bradley, Clerk of Court

*Underlying Action:*
LA UNION DEL PUEBLO ENTERO, INC.
("LUPE"), *et al.,*

Plaintiffs,

-vs-

Case No. 2:16-cv-00303

STATE OF TEXAS, *et al.,*

Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Texas Supreme Court Justice Eva M. Guzman's Motion to Quash Subpoena [#1] and

Plaintiffs' Opposed Expedited Motion to Transfer Motion to Quash Subpoena Served on Justice Eva

M. Guzman [#2] Having considered the documents and the governing law, the Court now enters the

following opinion and orders granting the motion to quash and overruling the motion to transfer.

### Background

This matter stems from a suit filed by Plaintiffs in United States Southern District of Texas

in which Plaintiffs allege a violation of Section 2 of the Voting Rights Act (the Underlying Case).

In the Underlying Case, Plaintiffs claim their right to vote is improperly diluted by Texas's method

of electing judges to the state's highest courts by statewide ballot. Mot. Quash [#1-1] Ex. A (Am.

Comp.) ¶¶ 21–27. In particular, Plaintiffs allege such an election method "submerges Latino voters so that they are rendered ineffective electoral minorities in most every election" for judges on Texas's two highest courts. *Id.*

On May 1, 2017, Plaintiffs served a subpoena on Texas Supreme Court Justice Eva M. Guzman (Justice Guzman). Mot. Quash [#1-2] Ex. B (Subpoena) at 1. To summarize, the subpoena requests all correspondence, documents, schedules, advertising materials, position papers, and speeches relating to Justice Guzman's appointment to the bench and her subsequent campaigns for reelection. *Id.* at 5–6. As a non-party to the Underlying Case, Justice Guzman moves to quash the subpoena served upon her, arguing the subpoena imposes an undue burden, features overly board requests, seeks irrelevant information, and demands privileged and confidential information. Mot. Quash [#1] at 4–9.

## I.    Legal Standard

Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if the subpoena "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (footnote omitted) (citing FED. R. CIV. P. 45(3)(A)(i)–(iv)). To determine whether the subpoena presents an undue burden, a court considers factors such as the relevance of the information requested; the need of the party for the documents; the breadth of the documents requested; the time period covered by the request; the particularity with which the party describes the requested documents; and the burden imposed. *Id.* at 818. Further, if

the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.* Finally, a court may find that a subpoena presents an undue burden when the subpoena is facially overbroad. *Id.*

## II.  Application

The Court finds the subpoena served on Justice Guzamn is facially overbroad and imposes an unreasonable burden on a non-party to the Underlying Case, who is also a sitting Justice of the Texas Supreme Court. An outrageous abuse of a discovery mechanism, Plaintiffs' subpoena is not tailored to solicit information connected to any issue to be tried in the Underlying Case. Plaintiffs provide no basis to suggest Justice Guzman has any materials relating to minority voting or Texas demographic data. In addition, the subpoena's overly broad requests seek confidential, privileged, and personal information from Justice Guzman without any indication such information is relevant to the Underlying Suit.

Morever, as a high-ranking government official, Justice Guzman has greater duties and time constraints that other witnesses, and thus she should not be bothered by ill-defined and unnecessary discovery requests. *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995) ("High ranking government officials have greater duties and time constraints than other witnesses." (citation and internal quotation marks omitted)). And, if every plaintiff alleging injury by the Texas judiciary system could subpoena its judges, then justice in Texas would grind to a halt. *United States v. Wal-Mart Stores, Inc.*, No. CIV.A. PJM-01-1521, 2002 WL 562301, at *1 (D. Md. Mar. 29, 2002) ("[L]eft unprotected, high-ranking government officials would be inundated with discovery obligations involving scores of cases where the public official would have little or no personal knowledge of

material facts. Left unchecked, the litigation-related burdens placed upon them would render their time remaining for government service significantly diluted or completely consumed.").

In essence, Plaintiff's subpoena is irresponsibly general, unduly burdensome, and a flagrant overreach by Plaintiffs.

### Conclusion

Therefore, for the reasons outlined above, the Court QUASHES the subpoena served on Justice Guzman and OVERRULES Plaintiffs' motion to transfer the motion to quash the subpoena to the Southern District of Texas.

Accordingly,

IT IS ORDERED that Texas Supreme Court Justice Eva M. Guzman's Motion to Quash Subpoena [#1] is GRANTED;

IT IS FURTHER ORDERED that the May 1, 2017 subpoena served upon Justice Guzman is now QUASHED;

IT IS FURTHER ORDERED that Plaintiffs' Opposed Expedited Motion to Transfer Motion to Quash Subpoena Served on Justice Eva M. Guzman [#2] is OVERRULED; and

IT IS FINALLY ORDERED that the Clerk's office shall mail a certified copy of this Order to the Clerk of United States District Court for the Southern District of Texas.

SIGNED this the ___18th___ day of May 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

-4-

A true copy of the original, I certify.
Clerk, U.S. District Court

By: _____
Deputy Clerk

NEOPOST
05/22/2017
US POSTAGE $000.46⁶

FIRST CLASS MAIL

ZIP 78701
041L11255610

CLERK, U. S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
501 W. 5TH STREET, SUITE 1100
AUSTIN, TEXAS 78701

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE: $300

United States Courthouse
1133 North Shoreline Boulevard,
Room 208
Corpus Christi, TX 78401

78401#2003 C029